## In re LASAK'S WILL.

*(Supreme Court, General Term, Second Department.   May 12, 1890.)*

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

Where a witness, in case the will propounded should be admitted to probate, would take as legatee, and in case probate should be denied would take as heir of testator, then his interest in the event is sufficiently apparent to exclude his testimony as to personal transactions with the testator, under Code Civil Proc. N. Y. § 829, providing that a party or person interested in an action shall not be examined as a witness in his own behalf or interest against the executor, administrator, or survivor of a deceased person, concerning a personal transaction or communication between the witness and the deceased person.

Appeal from surrogate's court, Westchester county.

Application for the probate of the last will and testament, with seven codicils, of Francis W. Lasak, deceased.   Probate was allowed, and the contestant, Margaret S. Ives, appeals.   For other litigation over the will, see 7 N. Y. Supp. 2; 8 N. Y. Supp. 740, 775.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Chas. F. MacLean,* for appellant.   *Hoadly, Lauterbach & Johnson* and *G. G. & F. M. Reynolds,* for respondents.

DYKMAN, J.   This is an appeal by one of the contestants from a decree of the surrogate admitting to probate the last will and testament of Francis W. Lasak; and upon the argument the counsel for the appellant abandoned all objections to the decree except one, which we will now consider.   Mrs. Margaret S. Ives, a granddaughter of the deceased, was one of the contestants of his will, and during the trial she called as a witness Mrs. Cordelia D. Chanvet, one of the daughters of the deceased; and she was permitted, over the objection of one of the counsel, to testify to personal transactions and communications between herself and her father.   On a subsequent day, however, all testimony of the witness concerning personal transactions and communications with the deceased were stricken out, and the counsel for Mrs. Ives excepted to such ruling.

We think the exception presents no error.   "Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or person interested in the event   *   *   *   shall not be examined as a witness in his own behalf or interest,   *   *   *   against the executor, administrator, or survivor of a deceased person,   *   *   *   concerning a personal transaction or communication between the witness and the deceased person."   Section 829, Code Civil Proc.   Mrs. Chanvet sustained the double relation of party and person interested in the event of the litigation over her father's will.   If the will was destroyed, she received her interest in her father's estate as heir; and, if it was sustained, she took the portion given her by the will, and she would receive more or less, according to the conclusion of the litigation.   It is not needful to determine which result would be most beneficial to her, or best promote her interest.   If the determination would be either advantageous or detrimental to her, then her interest in the event is sufficiently apparent to exclude her testimony.   The language employed in the statute is exceedingly comprehensive, and its scope is co-extensive with the words and actions between two persons.   The statute has come to be considered very beneficial, and the testimony which it inhibits is excluded by the courts with inflexible uniformity.   In the case of *Wadsworth* v. *Heermans,* 85 N. Y. 639, Judge FINCH says in the opinion, in speaking of this statute: "The spirit and purpose of this provision of the Code is equality, to prevent undue advantage, and that purpose should be kept in view when border questions arise, and lines of distinction are to be drawn."   The decree should be affirmed, with costs to be paid from the estate.   All concur.